IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                             Criminal Action No. 5:08CR31
                                                                          (STAMP)
MARIO E. RODRIGUEZ,

    Defendant.

**ORDER DENYING MOTION FOR RECONSIDERATION**

On April 13, 2015, a letter motion requesting transcripts was received and filed in the above-styled criminal action. A CJA 24 authorization and voucher for payment of transcript ("CJA 24 voucher") was attached to the letter motion. The defendant has requested the transcripts for both his plea and sentencing hearings. This Court denied the request without prejudice, finding that the defendant's request is premature as the defendant has failed to show a particularized need for the transcripts. United States v. Brumaire, No. 4:03-cr-00474-CWH-8, 2013 WL 2109532 (D. S.C. June 18, 2013) (citing Morin v. United States, 522 F.2d 8, 9 (4th Cir. 1975) (per curiam)) ("It is well-settled that copies of transcripts and court documents may be provided to an indigent litigant at government expense upon a showing by the litigant of a particularized need for the documents.").

The defendant has now filed a motion for reconsideration stating that he is preparing to submit a petition pursuant to 28 U.S.C. § 2255 and thus has a particularized need. For the reasons that follow, the defendant's motion is denied.

The Federal Rules of Criminal Procedure "do not specifically provide for motions for reconsideration [or] prescribe the time in which they must be filed." Nilson Van & Storage Co. v.. Marsh, 755 F.2d 362, 364 (4th Cir. 1985). However, a motion for reconsideration is timely if it is filed before the order sought to be reconsidered becomes final. See United States v. Ibarra, 502 U.S. 1, 4 n. 2 (1991) (holding that would-be appellants who file a timely motion for reconsideration from a criminal judgment are entitled to the full time period for noticing the appeal after the motion to reconsider has been decided). In criminal cases, the defendant must file the notice of appeal within fourteen days after the entry of the order being appealed. Fed. R. App. P. 4(b)(1)(A)(i); see also United States v. Alvarez, 210 F.3d 309, 310 (5th Cir. 2000) (holding that a § 3582 motion is criminal in nature). Thus, the defendant's motion for reconsideration would be untimely as this Court entered its order on April 22, 2015 and the defendant filed his motion for reconsideration on June 2, 2015.

However, even if the defendant's motion was timely, the defendant's motion is still without merit. In this Court's previous order, the defendant was advised that "[s]hould a civil action be filed in this Court by the defendant, the Court will consider another CJA 24 voucher as submitted by the defendant." ECF No. 58 at 2. This Court found that because there were no pending matters in this Court in which the defendant was involved, his request had to be denied without prejudice. Id. at 1. This

Court finds no error in this finding and the circumstances surrounding the defendant's request have not changed as the defendant still does not have any pending criminal or civil matters in this Court.

Accordingly, the defendant's motion for reconsideration is DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this order to the warden of the defendant's current facility of incarceration, FCI Fort Dix, P.O. Box 2000, Fort Dix, NJ 08640. The warden may then determine whether or not the defendant may have a copy of this order or if this order must be kept in the defendant's file for supervised viewing pursuant to the policy of the Bureau of Prisons.

DATED:   June 3, 2015

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE